# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Jason Lavet Bethune,                                Civil No. 21-2642 (DWF/TNL)

         Plaintiff,

v.                                                            **ORDER**

Steve Holmgren, Public Defender Office
Dakota County—ALL, Public Defender
Office Washington COunty—ALL,
Washington County Clerk Office—ALL,
and Dakota COunty Clerk Office—ALL,

         Defendants.

This action comes before the Court on Plaintiff Jason Lavet Bethune's (1) opening filing (Doc. No. 1 ("Complaint")); (2) Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. No. 2 ("IFP Application")); and (3) request for the appointment of counsel (Doc. No. 3 ("Counsel Motion")). For the following reasons, the Court dismisses this action and denies the IFP Application and Counsel Motion.

The Court received the Complaint, IFP Application, and Counsel Motion on December 13, 2021. *See* Compl. 1; IFP Appl. 1; Counsel Mot. 1. The Complaint is a one-page document. The exact defendants Bethune wants to name are unclear; as the Court understands his various uses of the word "all," he seeks to sue Steve Holmgren and also every employee of the Dakota County Public Defender's Office, the Washington County Public Defender's Office, the Washington County Clerk's Office, and the Dakota County Clerk's Office. *See* Compl. 1.

The Complaint has but one substantive sentence, a statement reading "Parties Refuse to abide by Constitution; ADA Act; Civil Rights Act." *Id.* (errors in original). On this basis, Bethune purports to bring the following substantive claims: "ADA Violations," "Civil Right Violations," "13th Amendment violation," "Racial Intimidation," "Withholding Evidence," "Assault of disabled person," "4th Amendment violations," and "1st Amendment violations." *Id.* (errors in original). The Complaint nowhere explains what Bethune seeks as relief. *See id.*

Instead of paying this action's filing fee, Bethune submitted the IFP Application. The information here indicates that Bethune qualifies financially for IFP status. But "notwithstanding any filing fee, or any portion thereof, that may have been paid," a court overseeing an IFP action "shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i).

This case is plainly frivolous. A case qualifies as frivolous when "'it lacks an arguable basis either in law or in fact.'" *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)); *Williams v. Hopkins*, 130 F.3d 333, 335 (8th Cir. 1997) (same). This District's courts have repeatedly held that when a complaint has no allegations about what a specific defendant did that leads to legal liability, the complaint lacks an arguable basis in fact—and so is frivolous—for that defendant. *See, e.g.*, *Swenson v. Hable*, No. 21-CV-1011 (SRN/HB), 2021 WL 3476720, at *2 (D. Minn. July 15, 2021) (citing cases), *report and recommendation adopted*, 2021 WL 3472694 (D. Minn. Aug. 6, 2021); *Radabaugh v. Corp. Tr. Co.*, No. 17-CV-1559 (JRT/BRT), 2017 WL 8944024, at *4 (D. Minn. May 22, 2017), *report and*

*recommendation adopted*, 2017 WL 4023102 (D. Minn. Sept. 13, 2017). Here, the Court has (barely) one substantive allegation, and that sentence provides no detail about what any of the purported Defendants did. The Complaint lacks an arguable basis in fact, so is frivolous. The Court therefore dismisses this action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i), and denies the IFP Application as moot.

This just leaves the Counsel Motion. Appointing counsel in cases like the present one is a matter committed to trial-court discretion. *See McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997); *Mosby v. Mabry*, 697 F.2d 213, 214 (8th Cir. 1982). Among the factors the court should consider in determining whether to appoint counsel are the case's factual and legal complexity, a litigant's ability to present his or her claims, and whether both the parties and the Court would benefit from a litigant's representation by counsel. *See McCall*, 114 F.3d at 756; *Johnson v. Williams*, 788 F.2d 1319, 1322–23 (8th Cir. 1986).

At this point, the Court has no basis for concluding that these actions would, if properly pleaded, be factually or legally complex. Admittedly, the Court has some doubts about Bethune's ability to present his own claims, given the Complaint's utter lack of substance. Critically for this action, however, the Court concludes that appointing counsel would not substantially benefit the Court. The Court acknowledges that Bethune feels wronged, and that he may have certain limitations as a result of a stroke he apparently suffered as a teenager. (*See* Counsel Mot. 1.) But these factors cannot be enough, in and of themselves, to justify the appointment of counsel. A complaint must provide a better view of plausible causes of action before a court can conclude that

appointing counsel for a plaintiff would benefit the Court. This Complaint does not meet that threshold. The Court therefore denies the Counsel Motion.

### ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. This action is **DISMISSED** as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

2. Plaintiff Jason Lavet Bethune's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. No. [2]) is **DENIED** as moot.

3. Bethune's request for the appointment of counsel (Doc. No. [3]) is **DENIED**.

Dated: January 18, 2022       s/Donovan W. Frank
                              DONOVAN W. FRANK
                              United States District Judge